UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN JAY JOHNSON,

        Plaintiff,        Case No. 2:11-cv-53

v.        Honorable R. Allan Edgar

CITY OF WAKEFIELD,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendant City of Wakefield. For the reasons set forth below, the undersigned recommends dismissal of Plaintiff's complaint in its entirety.

In the opinion of the undersigned, the matter should be dismissed as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). A complaint may be dismissed for failure to state a claim if the court determines that the plaintiff would not be entitled to relief, even if everything alleged in the complaint was true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

Plaintiff alleges that he has been mistreated by various city officials and employees since 1999, and that this conduct has violated his federal and state rights. Plaintiff claims that in January of 2010, when the temperature was twenty degrees below zero, his electricity was shut off by city employees. Plaintiff asserts that his bill was paid on January 27, 2010, and that the power was shut off on January 29, 2010, while Plaintiff was in the hospital. Plaintiff asserts that city employees told him that they were trying to teach him that it was his responsibility to pay the bill.

Plaintiff questions why they could not have taught him this lesson during warmer weather, rather than in the middle of winter. As a result, Plaintiff's pipes burst and his home was flooded. In addition, Plaintiff's dog, who was trapped inside, died of complications from exposure.

Plaintiff makes a conclusory assertion that on "numerous occasions when ever [sic] the opportunity exists through needing city hall assistance in snow removal, electrical, assistance, etc... even in garbage disposal have treated Plaintiff [cruelly] and unfairly because of disability and past litigations." However, other than alleging that city employees improperly shut off his electricity, Plaintiff fails to allege any specific facts in support of this assertion.

A municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles County v. Humphries*, 131 S. Ct. 447, 453-54, ___ U.S. ___ (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne County*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509. It is the court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local government in a particular area or on a particular issue. *McMillian v. Monroe County*, 117 S.Ct. 1734, 1736-37 (1997).

Plaintiff's action fails at this first step because his allegations have not identified a policy or custom. A "policy" includes a "policy statement, ordinance, regulation, or decision

officially adopted and promulgated" by the sheriff. *Monell*, 436 U.S. at 690. Plaintiff has not asserted that there is an official policy.

Plaintiff also has not identified a custom. The Sixth Circuit has explained that a "custom"

> . . . for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" includes deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.

*Doe*, 103 F.3d at 507 (citations and quotations omitted).

Plaintiff's only allegation which pertains to a custom is that city employees turned his electricity off during the winter months on two occasions since 1999. Plaintiff's allegations are that city employees abused their power with regard to the handling of Plaintiff's situation. Plaintiff does not allege that Defendant, through its employees, showed a custom of engaging in the conduct that caused Plaintiff's alleged injuries. Moreover, in his complaint, Plaintiff asserts that Defendant was "neglectful" in handling its employees. Mere negligence is insufficient to show § 1983 liability. *Molton v. City of Cleveland*, 839 F.2d 240, 246 (6th Cir. 1988), *cert. denied*, 489 U.S. 1068 (1989). Because Plaintiff fails to allege that Defendant had a policy or custom that caused him to be deprived of a constitutional right, his complaint should be dismissed. *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. 1993) (affirming dismissal of § 1983 action when plaintiff allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation).

In addition, Defendant City of Wakefield may not be sued in an action under § 1983 for an injury inflicted solely by its employees or agents. *Monell*, 436 U.S. at 694, *Collins v. City of Harker Heights*, 503 U.S. 117, 121 (1992). Liability against the City of Wakefield may not be based on the theory of respondeat superior. *Monell*, 436 U.S. at 691, *Collins*, 503 U.S. at 122, *Street v. Corrections Corp. Of America*, 102 F3d 810, 818 (6th Cir. 1996). Therefore, Plaintiff's claims that city employees harassed him and cut off his electricity on two occasions do not impose § 1983 liability on Defendant City of Wakefield. Accordingly, in the opinion of the undersigned, Plaintiff's complaint is properly dismissed.

In addition, for the same reasons that the undersigned recommended dismissal of this action, the undersigned discerns no good-faith basis for an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1961).

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 13, 2011