UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN JAY JOHNSON,

      Plaintiff,

v.                                                          Case No. 2:11-cv-53
                                                            HON. R. ALLAN EDGAR

CITY OF WAKEFIELD,

      Defendant.

_____/

## MEMORANDUM  AND  ORDER

Plaintiff John Jay Johnson brings this federal civil rights action under 42 U.S.C. § 1983

against defendant City of Wakefield, Michigan.  The rambling *pro se* complaint is somewhat

difficult to decipher.  As the Court construes the complaint, plaintiff Johnson raises a claim pursuant

to 42 U.S.C. § 1983 that the defendant violated his right to due process of law protected under the

Fourteenth Amendment to the United States Constitution.  This Court has subject matter jurisdiction

over 42 U.S.C. § 1983 and federal constitutional claims pursuant to 28 U.S.C. §§ 1331 and

1343(a)(3).  It further appears that plaintiff Johnson may also be raising one or more claims under

Michigan state law including claims of common law negligence, invasion of privacy, and

defamation.  To the extent that the plaintiff asserts any Michigan state law claims, the Court infers

that he seeks to invoke the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

On May 13, 2011, Magistrate Judge Timothy P. Greeley submitted his report and

recommendation. [Court Doc. No. 5].  It is recommend that the entire complaint and all federal

claims brought under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States

Constitution be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on the ground that the complaint

fails to state a claim upon which relief may be granted.

Plaintiff Johnson has filed an objection to the report and recommendation. [Court Doc. No.

7].  After reviewing the record *de novo*, the Court finds that the plaintiff's objection is without merit

and denied.  The Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28

U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b).  The Court concludes that all federal civil rights

claims brought against defendant City of Wakefield under 42 U.S.C. § 1983 and the Fourteenth

Amendment shall be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on the

ground that the complaint fails to state a claim upon which may be granted.

The Court amplifies and expands on the report and recommendation as follows.  To the

extent that the plaintiff's complaint may be pleading and raising any related claims or causes of

action arising under Michigan state law, the Court declines to exercise supplemental jurisdiction over

such claims pursuant to 28 U.S.C. § 1367(a).  28 U.S.C. § 1367(c)(3) provides that a district court

may decline to exercise supplemental jurisdiction over related claims under § 1367(a) if the district

court has dismissed all claims over which it has original subject matter jurisdiction.  Section

1367(c)(3) is applicable here because this Court is dismissing all of plaintiff Johnson's 42 U.S.C.

§ 1983 federal civil rights claims over which the Court has original subject matter jurisdiction.

When all federal law claims are dismissed prior to trial, the balance of considerations –

judicial economy, convenience, fairness, and comity – usually weighs in favor of dismissing

supplemental state law claims without prejudice under 28 U.S.C. § 1367(c)(3).  *Musson Theatrical,*

*Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996); *accord Novak v. MetroHealth*

*Medical Center*, 503 F.3d 572, 583 (6th Cir. 2007); *Widgren v. Maple Grove Township*, 429 F.3d

575, 586 (6th Cir. 2005). All of these factors weigh against the exercise of 28 U.S.C. § 1367(a)

supplemental jurisdiction in this case. Moreover, because plaintiff Johnson's 42 U.S.C. § 1983

federal civil rights claim is being dismissed at the outset of this litigation on the ground of failure

to state a claim upon which relief may be granted, this creates a strong presumption in favor of

dismissing any supplemental Michigan state law claims. *Musson Theatrical*, 89 F.3d at 1255. After

considering the relevant factors and applying *Musson*, this Court pursuant to 28 U.S.C. § 1367(c)(3)

declines to exercise supplemental jurisdiction over plaintiff Johnson's Michigan state law claims.

All supplemental Michigan state law claims shall be dismissed without prejudice.

For the same reasons that the Court has decided to dismiss the plaintiff's complaint, the Court

discerns no good faith basis for any appeal. Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App.

P. 24(a)(4)(b), the Court hereby **CERTIFIES** that any appeal taken by plaintiff Johnson from the

decision and judgment in this case would be frivolous and not taken in good faith. *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 611 (1997).

A separate judgment will enter.

SO ORDERED.

Dated:  June 10, 2011.


                                    */s/     R. Allan Edgar*
                                    R. ALLAN EDGAR
                              UNITED STATES DISTRICT JUDGE